# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| GERARDO FERNANDEZ and ANNA FERNANDEZ,<br><br>  Plaintiffs,<br><br>  v.<br><br>WASHINGTON MUTUAL BANK, FA and QUALITY LOAN SERVICE CORPORATION,<br><br>  Defendants.<br>_____/ | CASE NO. 1:09-cv-01404 AWI SKO<br><br>**ORDER TO SHOW CAUSE** |

Plaintiffs filed this action on August 11, 2009. An initial scheduling conference was set for November 12, 2009. On November 9, 2009, the parties requested that, due to settlement negotiations, the initial scheduling conference be taken off calendar. The parties were directed by minute order that, if settlement did not take place, they should inform the court to reset the scheduling conference. After six (6) months of inaction by the parties, the Court ordered that a status report be filed by Plaintiffs no later than April 30, 2010. Plaintiffs failed to file a status report.

The Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To that end, "[d]istrict courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or

1

dismissal.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (second alteration in original); *see also Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

> In the courts, there is room for only so much lenity. The district court must consider the equities not only to plaintiff and his counsel, but also to the opposing parties and counsel, as well as to the public, including those persons affected by the court's increasingly crowded docket. Counsel must take responsibility for the obligations to which he committed and get the work done by the deadline. . . . Deadlines are not meant to be aspirational; counsel must not treat the goodwill of the court as a sign that, as long as counsel tries to act, he has carte blanche permission to perform when he desires. A district court must be able to exercise its managerial power to maintain control over its docket. This power is necessary for the court to administer effective justice and prevent congestion.

*Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004) (citation omitted).

Accordingly, it is ORDERED that, **no later than July 7, 2010**, Plaintiffs shall file a status report or show cause why the Court should not impose sanctions under Local Rule 110, including dismissal, for failing to comply with an order of this Court.

IT IS SO ORDERED.

**Dated:   June 29, 2010**                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE